WILFRED A. WARREN *vs.* AMELIA GELFUSO, *Ex'r.*

FEBRUARY 27, 1963.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

FROST, J. This is an original petition for compensation under the workmen's compensation act. The case is before us on the petitioner's appeal from a final decree of the full commission denying and dismissing the petition.

The petitioner, a man forty-two years of age, had been in the employ of Andrew's Auto Body Service twelve and one-half years. On a day in the early part of March 1958 while on a ladder grinding a clip molding on a truck with a grinder which weighed about twenty-five pounds, he lost his balance and fell, landing on his elbows and back. He was "pretty well shaken up" but continued to work for the remainder of the afternoon and regularly thereafter. On the following day Dr. Ercole A. Addonizio saw him but could find no physical damage. For two months thereafter Dr. Addonizio saw him once a week during which time he complained of pain in his chest on the left side.

On the morning of May 29, 1958 petitioner was sanding a tractor preparing it for painting when he felt considerable pain on the left side of his chest. He continued to work for about two hours when the pain became unbearable and the bookkeeper had him driven to Roger Williams General Hospital where he was admitted and then transferred to the Veterans Administration Hospital where he remained for three weeks. He was told that he could do light work but he was unable to find an easy job.

He testified that on November 11 he was not feeling good and asked his wife to take him back to the hospital for a checkup. He remained there until December 23, 1958.

Doctor Joseph G. McWilliams, a specialist in internal medicine and cardiology and chief of the medical department at Roger Williams General Hospital, testified that he first saw petitioner on May 29, 1958 in consultation with his family physician at Roger Williams General Hospital; that he examined him at that time and his diagnosis was infarction of the myocardium due to arteriosclerotic throm-

bosis; and that it was reasonable to assume that the work he was doing at the onset of his pain was the cause of his so-called heart attack.

The respondent offered Dr. Alex M. Burgess as a witness. He did not make a personal examination of petitioner. It was stated by counsel that on admission to Roger Williams General Hospital petitioner complained of chest pains and that after several days of tests the diagnosis was infarction of the myocardium. The doctor was then asked if that infarction was or was not causally connected with what petitioner was doing on the morning of May 29, to which he replied that it was not causally connected. Asked to amplify his answer, the doctor said: "It is clear that these infarctions occur on the basis of arterial disease which I have already said is not, as far as any one can determine, causally connected. Secondly, it occurs due to the formation of clots in these diseased arteries and other physiological processes within the body, that I know of no clear evidence as to causation in relation to effort. The clotting process, as far as I know, is not sensitive to physical effort as such."

At the conclusion of the testimony before the trial commissioner he wrote an opinion expressing the belief that petitioner's condition was causally connected to his work. An appeal was taken to the full commission. Thereafter, following a hearing before the full commission, they found that the great weight and fair preponderance of the evidence indicated that petitioner's coronary attack had no causal connection with his employment for respondent, and on February 3, 1960 a final decree of the full commission was entered denying and dismissing the petition.

Two highly qualified doctors have given diverse opinions on the question of whether the work that petitioner was doing was the cause of the attack which he suffered on May 29, 1958.

Doctor McWilliams testified that the work which he was doing, namely, sanding a truck, was "a form of exertion that produced enough strain so that this individual's circulation was insufficient to feed his heart muscles, if I may use these terms. So that a condition of coronary thrombosis resulted. I would like to qualify that by saying that it is assumed by us that arteriosclerosis of one of the blood vessels of the heart pre-existed. I think that has to be said."

The testimony of Dr. Burgess was diametrically opposed to and irreconcilable with that given by Dr. McWilliams. Doctor McWilliams testified very clearly that in his opinion the employee's effort in doing his work contributed to bring on the attack which petitioner experienced on May 29, 1958, while Dr. Burgess was just as clearly of the opinion that the work was in no way a cause and that actually it might as well have occurred while petitioner was at home.

The three members of the workmen's compensation commission were not in agreement. Two of the three found against petitioner and a decree was entered to the effect that petitioner had failed to prove that the work which he was doing or the conditions of his employment contributed to the attack of coronary thrombosis.

The petitioner argues three reasons why the final decree should be reversed. He asserts that the full commission erred because (1) they found that he had not proved that the work done on May 29, 1958 contributed to the attack of coronary thrombosis; (2) that he had failed to prove that the conditions of his employment contributed to the attack of coronary thrombosis; and (3) that he had failed to prove that his work on May 29 required any unusual or abnormal exertion by him.

We have read the testimony including that of the two doctors. There is no question that petitioner prior to May 29 had what is commonly spoken of as a heart condition. Some would term his work on May 29 as light and others

as heavy but it was work to which he was accustomed. Whether his so-called attack on May 29 was caused by his work or whether it was bound to occur at that time whether he was or was not working is something on which the two doctors were not in agreement.

One's answers to the three issues presented by the petitioner depend on whether you adopt the views of one doctor or the other. The majority of the members of the commission appear to have accepted the opinion of the respondent's doctor that the petitioner's work was not a cause of the attack on May 29 and we find that there was evidence to support the decree and that is conclusive upon us. *Quillen* v. *O. D. Purington Co.*, 80 R. I. 165.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*Abedon, Michaelson & Stanzler, Julius C. Michaelson, Richard A. Skolnik,* for petitioner.

*Boss, Conlan, Keenan, Bulman & Rice, H. Eliot Rice,* for respondent.